```
                  UNITED STATES DISTRICT COURT
                   DISTRICT OF MASSACHUSETTS


SCOTT BUTTERS,                       )
     Plaintiff,                      )
                                     )
     v.                              )    Civ. A. No. 10-10072-MLW
                                     )
WELLS FARGO ADVISORS, LLC,           )
     Defendant                       )
                                     )
```

## MEMORANDUM AND ORDER

WOLF, D.J.                                         November 27, 2012

Defendant Wells Fargo Advisors, LLC has filed a Motion for Summary Judgment (the "Motion"). It was accompanied by Defendant's Statement of Undisputed Material Facts in Support of Its Motion for Summary Judgment in the manner required by Rule 56.1 of the Local Rules of the United States District Court for the District of Massachusetts (the "Local Rules"). Plaintiff Scott Butters filed an opposition to the Motion and Plaintiff's Statement of Material Facts pursuant to Local Rule 56.1. Defendant correctly asserted that Plaintiff's Statement of Material Facts fails to comply with Local Rule 56.1. In response plaintiff filed a Motion for Leave to Supplement Plaintiff's Statement of Material Facts for Formatting Purposes Only, and attached to that motion a proposed revised Statement of Material Facts. However, as defendant argues, plaintiff has still failed to satisfy the requirements of Local Rule 56.1. While the court is providing one more opportunity for plaintiff to do so, the December 12, 2012 hearing must be postponed.

Local Rule 56.1 provides, in pertinent part that:

> A party opposing the motion [for summary judgment] shall include a concise statement of the material facts of record as to which it is contended that there exists a genuine issue to be tried, with page references to affidavits, depositions and other documentation. Copies of all referenced documentation shall be filed as exhibits to the motion or opposition. Material facts of record set forth in the statement required to be served by the moving party will be deemed for purposes of the motion to be admitted by opposing parties unless controverted by the statement required to be served by opposing parties.

"Local Rule 56.1 was adopted to expedite the process of determining which facts are genuinely in dispute, so that the court may turn quickly to the usually more difficult task of determining whether the disputed issues are material." Brown v. Armstrong, 957 F. Supp. 1293, 1297 (D. Mass. 1997), aff'd, 129 F.3d 1252 (1st Cir. 1997). Under Local Rule 56.1, the party opposing a motion for summary judgment "must 'state what specific facts are disputed and prevent summary judgment.'" Brown, 957 F. Supp. at 1297 (quoting Vasapolli v. Rostoff, 864 F. Supp. 215, 218 (D. Mass. 1993), aff'd, 39 F.3d 27 (1st Cir. 1994)).

In this case, neither plaintiff's original Statement of Material Facts nor his proposed revised Statement of Material Facts complies with Local Rule 56.1. Plaintiff's original submission merely states after each of defendant's asserted facts either "No Genuine Issue of Fact to be Tried" or "Genuine Issue of Fact to be Tried," without providing any further description of the facts allegedly placed in dispute by admissible evidence or citations to

the record. Although plaintiff also submits his own factual assertions with citations to the record, those assertions do not specifically state which of defendant's facts are in dispute. Plaintiff's proposed revised Statement of Material Facts again responds to each of defendant's factual assertions by contending that there is "No Genuine Issue of Fact to be Tried" or that there is a "Genuine Issue of Fact to be Tried," this time supporting those assertions of a genuine dispute with citations to documents in the record. However, plaintiff again fails to state with specificity which of defendant's factual assertions are disputed. Plaintiff's approach to his Rule 56.1 submissions does not satisfy the letter or purpose of Local Rule 56.1 because his submissions are not sufficiently specific and do not facilitate the court's ability to determine which facts are genuinely in dispute and whether they are material. See Brown, 957 F. Supp. at 1297; Vasapolli, 864 F. Supp. at 218.

Where a party opposing a motion for summary judgment fails to comply with Local Rule 56.1, the court has the discretion to decide whether to impose the sanction of deeming the moving party's factual assertions to be admitted. See Swallow v. Fetzer Vineyards, 46 Fed. Appx. 636, 638-39 (1st Cir. 2002); see also Brown, 957 F. Supp. at 1298. In this case, the court is not now exercising its discretion to sanction plaintiff for his failure to comply with the Local Rule. In an effort to decide this case on the merits, the court is

3

providing plaintiff the opportunity to cure the deficiencies in his submission.

Accordingly, it is hereby ORDERED that:

1. Plaintiff shall, by December 13, 2012, file a further response to Defendant's Statement of Undisputed Material Facts in Support of Its Motion for Summary Judgment (Docket No. 37). Plaintiff's response shall comply with Local Rule 56.1, as it is explained in this Memorandum and Order.

2. Defendant shall, by December 21, 2012, file a reply.

3. The December 12, 2012 hearing on the Motion is POSTPONED. It shall be held instead on January 23, 2013, at 2:30 p.m.

4. Plaintiff's Motion for Leave to Supplement Plaintiff's Statement of Material Facts for Formatting Purposes Only (Docket No. 49) is DENIED without prejudice to the submission required to be filed by this Memorandum and Order.

                                                  /s/ Mark L. Wolf
                                        UNITED STATES DISTRICT JUDGE